## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANNA J. CHERNYY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 8:21-cv-00366** |
| v. | ) |
| | ) |
| MONTY ROESLER, personally and in | ) |
| his individual and official capacity, | ) |
| JOHN DOE 1, in his individual and | ) |
| official capacity, ALAN MOORE, in his | ) |
| individual and official capacity, SALINE | ) |
| COUNTY SHERIFF'S OFFICE, and | ) |
| SALINE COUNTY, | ) |
| | ) |
| **Defendants.** | ) |

## AMENDED COMPLAINT

COMES NOW Plaintiff Anna J. Chernyy ("Plaintiff"), by and through counsel, brings her amended complaint against Monty Roesler, personally and in his individual and official capacity ("Roesler"), John Doe 1, in his individual and official capacity ("Doe"), Alan Moore, in his individual and official capacity ("Moore"), the Saline County Sheriff's Office ("Sheriff's Office"), and Saline County ("County") (collectively "Defendants").

## NATURE OF THE ACTION

1.       This action arises out of the Defendants' deliberate indifference to the sexual assaults committed by Roesler in the course and scope of his detention of Plaintiff at the Saline County Jail in Wilber, Nebraska ("Saline Jail"). Despite being on notice of sexual relationships in the Saline Jail, especially Roesler's sexual abuses, the Defendants did not take any reasonable steps to guarantee Plaintiff's safety.

## PARTIES, JURISDICTION, AND VENUE

2.      Anna J. Chernyy is the natural person who is currently incarcerated at Leavenworth Detention Center, 100 Hwy Terrace, Leavenworth, KS 66048.

3.      Monty Roesler was at all times relevant hereto a Deputy Sherriff with the Saline County Sheriff's Office and an employee of the same. Roesler, who has been relieved of his position as Deputy Sherriff, has plead guilty to the sexual assaults alleged herein.

4.      John Doe 1, was at all times relevant hereto the supervisor of Roesler relating to the six-woman pod (the "A Pod") where Plaintiff was held at the Saline Jail. John Doe 1 is being sued in his individual and official capacity.

5.      Alan Moore ("Moore") was at all times relevant hereto the Sheriff of Saline County, Nebraska, and the official in charge of the Saline Jail. Moore is being sued in his individual and official capacity.

6.      The Sheriff's Office was at all times relevant hereto the State of Nebraska's governmental entity with the authority to detain federal prisoners pursuant to an agreement with the United States Marshal Service. The Sheriff's Office detained Plaintiff at all times relevant hereto.

7.      Saline County, Nebraska, was at all times relevant hereto the State of Nebraska's governmental entity with the authority to detain federal prisoners pursuant to an agreement with the United States Marshal Service. Saline County detained Plaintiff at all times relevant hereto.

8.      This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983 and the Eighth Amendment. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331.

9.      Venue is proper in the District of Nebraska pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the state of Nebraska and all Defendants were residents of the state of Nebraska at the time of the events giving rise to this litigation.

## FACTUAL ALLEGATIONS

10.     In late September and October 2020, Plaintiff was temporarily incarcerated in the Saline Jail pursuant to an agreement between the Sherriff's Office and the United States Marshal Service to temporarily detain federal inmates during transportation between federal prison. Plaintiff was being transported to the Leavenworth Detention Center and was temporarily incarcerated in the A Pod at the Saline Jail.

11.     The A Pod is constructed in a shotgun style with a large viewing window on one end; a row of bunk beds with dividers on one side; phones, sink, toilets, and showers on the other; and a wall with a button to be pressed by correctional staff as confirmation of a round through the pod.

12.     There are no cameras in the A Pod.

13.     During September and October 2020, Roesler oversaw the detainees in the A Pod during the evenings, nights, and the "pill call" when Roelser distributed medications.

14.     As such, Roesler was charged with, *inter alia*, the care, protection, safety, and well-being of the detainees housed in the A Pod.

15.     During September and October 2020, Roesler sexually assaulted Plaintiff in the A Pod on numerous occasions by, among other things:

        a.      Making crude sexual comments to Plaintiff;

        b.      Staring at Plaintiff as she slept;

        c.      Requesting that Plaintiff "stay up for" him at night;

3

d.   Placing and grinding his body—including his genitals—against the Plaintiff;

e.   Pulling off Plaintiff's clothes and exposing her breasts;

f.   Groping Plaintiff's breasts as she slept until and after Plaintiff woke up;

g.   Grabbing Plaintiff's throat and "eating" her face;

h.   Licking and sucking on Plaintiff's breasts; and

i.   Forcing Plaintiff to touch Roesler's genitals over his pants.

16.   At the times of the assaults, Roesler was the only Saline Jail staff member in the A Pod. The other Saline Jail staff were in the "bubble" where the camera monitors are located and in the standby area.

17.   On each occurrence, Plaintiff would demand that Roesler stop sexually assaulting her. Roesler did not.

18.   Roesler facilitated and continued his sexual assault of Plaintiff by using his position of power to intimidate Plaintiff, to wit Roesler attempted to bribe Plaintiff by providing Plaintiff with extra commissary items such as candy and coffee and homemade goods.

19.   Plaintiff was too afraid of retaliation to report the sexual abuses to Saline Jail staff.

20.   The women of A Pod, including Plaintiff, were moved to B Pod for a short period of time. B Pod contains a large central living space with individual cells on the first and second floor. There are cameras in B Pod.

21.   Roesler was unable to sexually assault Plaintiff during her stay in B Pod because Plaintiff was kept in a cell away from Roesler and because the button was in the central living space.

4

22.     Roesler has since plead guilty in the United States District Court for the District of Nebraska to sexually assaulting Plaintiff.

23.     Each Defendant failed to prevent or otherwise stop Roesler from sexually abusing Plaintiff and other female detainees at the Saline Jail.

24.     Upon information and belief, Plaintiff was not the only female detainee at the Saline Jail to be sexually abused by Roesler.

25.     Upon information and belief, Roesler had a history of sexually abusing female detainees at the Saline Jail.

26.     Upon information and belief, other female detainees had reported Roseler's sexual abuses to Doe, Moore, the Sheriff's Office, and the County.

27.     Upon information and belief, each Defendant knew of, or was aware of facts which the Defendant could use and did infer, Roesler's sexual abuses of Plaintiff and other female detainees.

28.     Upon information and belief, Roesler's sexual abuses were reported to Defendants Doe, Moore, the Sheriff's Office, and the County.

29.     Upon information and belief, each Defendant knew of, or was aware of facts which the Defendant could use and did infer, that detainees at the Saline Jail have a history of being sexually abused by Saline Jail staff, including, but not limited to:

     a.     Prior litigation over allegations of sexual abuse.

     b.     The percentage of inmates sexually assaulted by staff at the Saline Jail was far higher than the national average according to governmental reports.

     c.     In 2020, a female Saline Jail guard was relieved of her position due to a consensual sexual relationship with a female detainee in A Pod.

## COUNT I – VIOLATION OF THE EIGHTH AMENDMENT

### (Against Roesler, Doe, Moore, in Their Individual and Official Capacities, the Sheriff's Office, and the County)

30.     Plaintiff restates and alleges the allegations contained in paragraphs 1 through 29 as if stated in full in Count One.

31.     Defendants Roesler, Doe, Moore, in their individual and official capacities, the Sheriff's Office, and the County had a duty to take reasonable measures to guarantee Plaintiff's safety and to protect Plaintiff from violence.

32.     Plaintiff experienced violence when Roesler committed numerous acts of sexual abuse which are undoubtedly outside the standards of decency.

33.     Being violently assaulted is not part of the penalty that criminal offenders pay for their offenses against society and is a sufficiently serious to reach constitutional dimensions.

34.     Defendants Roesler, Doe, Moore, in their individual and official capacities, the Sheriff's Office, and the County were deliberately indifferent to Plaintiff's experience of sexual abuse by permitting the abuse to occur for weeks despite having knowledge of, or the facts necessary to infer, Roesler's sexual abuses of Plaintiff and other female detainees at the Saline Jail.

35.     Defendants Roesler, Doe, Moore, in their individual and official capacities, the Sheriff's Office, and the County negligently, grossly negligently, recklessly, willfully, wantonly, maliciously, and/or intentionally sexually assaulted Plaintiff by and through Defendant Roesler's conduct. Defendant Roesler's sexual assault of Plaintiff was performed with reckless or callous disregard for Plaintiff's right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the United States Constitution.

36.     Defendants Roesler, Doe, Moore, in their individual and official capacities the Sheriff's Office, and the County knew of should have known of the risk posed to Plaintiff by Defendant Roesler given his neglected training, flirting with female inmates, continuous breaking of jail policies, and other conduct alleged above in combination with Defendants' failures to train Saline Jail staff, provide policies to ensure sexual abuses cannot occur, and provide an opportunity for inmates to report instances of sexual assault. Defendants Roesler, Doe, Moore, in their individual and official capacities, the Sheriff's Office, and the County acted with deliberate indifference when each failed to take reasonable measures to abate the aforementioned risk.

37.     As a result of Defendant Roesler's unwanted and unlawful sexual contact with Plaintiff, Defendants Monty Roesler, Doe, Moore, in their individual and official capacities, the Sheriff's Office, and the County caused pain, physical injury, mental anguish, and emotional trauma to the Plaintiff.

## COUNT II – VIOLATION OF § 1983
### (Against Roesler in His Individual and Official Capacity)

38.     Plaintiff restates and alleges the allegations contained in paragraphs 1 through 37 as if stated in full in Count Two.

39.     Roesler violated the Plaintiff's rights pursuant to 42 U.S.C. § 1983 while acting under the color of law, as a representative of the Sheriff's Office.

40.     The conduct described above will establish that Roesler, in his individual and official capacity as jail guard, violated and deprived Plaintiff of her clearly established and well-settled civil right to be free from sexual assault by a supervising jail guard.

41.     Roesler subjected Plaintiff to these deprivations of constitutional rights either maliciously, intentionally, deliberately, willfully, or by acting with reckless disregard for whether Plaintiff's civil rights would be violated by his actions.

7

42.     As a direct and proximate result of the acts of Roesler, Plaintiff has suffered physical injury and mental anguish and is therefore damages in an amount in to be determined at trial.

43.     Punitive damages are also properly awardable against Roesler and are hereby claims as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983).

44.     Plaintiff is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## COUNT III – VIOLATION OF § 1983
**(Against Doe, Moore, in Their Individual and Official Capacities, and the Sheriff's Office, and the County)**

45.     Plaintiff restates and alleges the allegations contained in paragraphs 1 through 44 as if stated in full in Count Three.

46.     The conduct described in this Complaint will establish that Doe, Moore, in their individual and official capacities, and the Sheriff's Office, and the County violated Plaintiff's Eighth Amendment right against cruel and unusual punishment, by permitting Roesler to sexually assault Plaintiff.

47.     Doe, Moore, in their individual and official capacities, the Sheriff's Office, and the County were informed of Roesler's sexual abuses of Plaintiff and other female detainees.

48.     Doe, Moore, in their individual and official capacities, the Sheriff's Office, and the County knew that the Saline Jail staff had a history of sexually assaulting detainees.

49.     Doe, Moore, in their individual and official capacities, the Sheriff's Office, and the County failed to protect Plaintiff from Roesler's sexual abuses despite knowledge of Roesler's sexual abuses of Plaintiff and other female detainees and the Saline Jail staffs' history of sexually assaulting detainees.

8

50. Doe, Moore, in their individual and official capacities, the Sheriff's Office, and the County failed to (1) train Roesler to not sexually assault detainees, (2) supervise Roesler during the course and scope of his work, and (3) create and implement policies which would have prevented the sexual abuses alleged herein.

51. As a direct and proximate result of the acts of Doe, Moore, in their individual and official capacities, the Sheriff's Office, and the County, Plaintiff has suffered physical injury and mental anguish and is therefore entitled to damages in an amount in to be determined at trial.

52. Punitive damages are also properly awardable against Doe, Moore, in their individual and official capacities, the Sheriff's Office, and the County, and are hereby claims as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983).

53. Plaintiff is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

### COUNT IV – BATTERY
### (Against Roesler in His Personal Capacity)

54. Plaintiff restates and alleges the allegations contained in paragraphs 1 through 53 as if stated in full in Count Four.

55. Roesler sexually assaulted Plaintiff on numerous occasions with the intent to harmfully touch her body.

56. Roesler did harmfully touch Plaintiff's body via his numerous sexual assaults described in detail above.

57. Plaintiff did not consent to Roesler's touching.

58. As a direct and proximate cause of Roesler's sexual assaults Plaintiff has sustained substantial damages, including, but not limited to, emotional distress.

## COUNT V – INTENTIONAL INFLICTION OF EMIOTIONAL DISTRESS
### (Against Roesler in His Personal Capacity)

59.     Plaintiff restates and alleges the allegations contained in paragraphs 1 through 58 as if fully stated in full in Count Four.

60.     Roesler intentionally and recklessly sexually assaulted Plaintiff.

61.     Roesler's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and such sexual assault is atrocious and utterly intolerable in a civilized community.

62.     Roesler's sexual assaults caused emotional distress in Plaintiff so severe that no reasonable person should expect Plaintiff to have to endure the distress.

63.     As a direct and proximate result of Roesler's sexual assaults, Plaintiff has experienced, among other things, severe emotional distress, mental suffering, mental anguish, shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.

## RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor as follows:

1.     That the practices and conduct of Defendants complained of herein be adjudged in violation of the rights secured by Plaintiff under 42 U.S.C. § 1983 and the Eighth Amendment.

2.     That Plaintiff is awarded compensatory damages in an amount to be established at trial.

3.     That Plaintiff is awarded damages for mental anguish and pain and suffering in an amount to be established at trial.

10

4. That Plaintiff is awarded punitive damages against Defendants under 42 U.S.C. § 1983.

5. That Plaintiff be awarded her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

6. That judgment be entered against Defendants as stated above.

7. For such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

DATED this 19th day of October 2021.

Respectfully submitted,

ANNA J. CHERNYY, Plaintiff,

By: /s/John M. Walker
John M. Walker, #23250
LAMSON DUGAN & MURRAY LLP
10306 Regency Parkway Drive
Omaha, NE  68114-3743
Telephone: (402) 397-7300
Telefax: (402) 397-7824
jwalker@ldmlaw.com

and

/s/ Joseph A. Kronawitter
Joseph A. Kronawitter, MO Bar No. 49280
Taylor P. Foye, MO Bar No. 71527
HORN AYLWARD & BANDY, LC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
Telephone 816-421-0700
Facsimile 816-421-0899
jkronawitter@hab-law.com
tfoye@hab-law.com

**Attorneys for Plaintiff**

11