IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANNA J. CHERNYY, | ) | Case No. 8:21-cv-366 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MONTY ROESLER, personally and in his | ) | |
| individual and official capacities; JOHN | ) | **ANSWER OF SALINE COUNTY,** |
| DOE 1, in his individual and official | ) | **NEBRASKA, and ALAN MOORE** |
| capacities; ALAN MOORE, in his individual | ) | **INDIVIDUALLY AND OFFICIALLY** |
| and official capacities; SALINE COUNTY | ) | |
| SHERIFF'S OFFICE; and SALINE | ) | |
| COUNTY, NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

The Saline County Sheriff's Office has been dismissed from the lawsuit. Also, "John Doe" is not a party to the lawsuit and had not been properly served with summons. Therefore, this is the Answer of Defendants, Saline County, Nebraska, and Alan Moore, in his individual and official capacities. For their Answer to Plaintiff's Amended Complaint, Defendants admit, deny, state, and allege as follows:

1) Defendants deny the allegations in Paragraph 1 of the Amended Complaint.

2) Defendants do not have knowledge of Plaintiff's whereabouts, so they deny the allegations in Paragraph 2 of the Amended Complaint.

3) Defendants admit Roesler was a corrections officer employed by the Saline County Corrections Facility and that he pled guilty to assaulting Plaintiff while she was an inmate at the Saline County Corrections Facility. The remaining allegations in Paragraph 3 of the Amended Complaint are denied.

1

4)      Defendants do not know who Plaintiff believes John Doe is and therefore deny the allegations in paragraph 4 of the Amended Complaint.

5)      Defendants admit Alan Moore was the Saline County Sheriff at the relevant period of time and that he is still Sheriff.  Defendants also admit Sheriff Moore oversees the Saline County Corrections Facility as Saline County Sheriff.  The remaining allegations in Paragraph 5 of the Amended Complaint are denied.

6)      Defendants admit that the Saline County Corrections Facility houses federal prisoners from time to time.  The remaining allegations in Paragraph 6 of the Amended Complaint are denied.

7)       Defendants admit that Saline County, Nebraska, is a political subdivision of the State of Nebraska.  The remaining allegations in Paragraph 7 of the Amended Complaint are denied.

8)      Defendants deny the allegations in Paragraph 8 of the Amended Complaint.

9)      Defendants admit venue is proper but deny the remaining allegations in Paragraph 9 of the Amended Complaint.

10)     Defendants admit that Plaintiff was an inmate at the Saline County Corrections Facility in or around September and October, 2020.  The remaining allegations in Paragraph 10 of the Amended Complaint are denied.

11)     Defendants do not know what Plaintiff is referencing with the term "Shotgun style" and therefore deny that allegation.  Defendants admit that the amenities described in Paragraph 11 are in A-pod, but they deny the remaining allegations in Paragraph 11 of the Amended Complaint.

12)     Defendants admit Paragraph 12 of the Amended Complaint.

13)     Defendants admit that Roesler was a corrections officer who was on duty at various times during the period in question but deny the remaining allegations in Paragraph 13 of the Amended Complaint.

2

14)     Defendants state that each correction officer on duty is responsible for monitoring inmates throughout the facility consistent with jail policy and standards.  Also, guards are not assigned to a single pod. The remaining allegations in Paragraph 14 of the Amended Complaint are denied.

15)     Defendants admit Roesler pled guilty to assaulting Plaintiff when she was an inmate at the Saline County Corrections Facility but deny the remaining allegations in Paragraph 15 of the Amended Complaint.

16)     Defendants state that guards conducted rounds which included entering the pods.  The remaining allegations in Paragraph 16 of the Amended Complaint are denied.

17)     Defendants deny the allegations in Paragraph 17 of the Amended Complaint.

18)     Defendants deny the allegations in Paragraph 18 of the Amended Complaint.

19)     Defendants deny the allegations in Paragraph 19 of the Amended Complaint.

20)     Defendants deny the allegations in Paragraph 20 of the Amended Complaint.

21)     Defendants deny the allegations in Paragraph 21 of the Amended Complaint.

22)     Defendants admit that Roesler pled guilty to assaulting Plaintiff.  The remaining allegations in Paragraph 22 of the Amended Complaint are denied.

23)     Defendants deny the allegations in Paragraph 23 of the Amended Complaint.

24)     Defendants deny the allegations in Paragraph 24 of the Amended Complaint.

25)     Defendants deny the allegations in Paragraph 25 of the Amended Complaint.

26)     Defendants deny the allegations in Paragraph 26 of the Amended Complaint.

27)     Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

28)     Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

29)     Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30) Defendants restate and re-allege their admissions, denials, and statements in Paragraph 1 through 30 of the Amended Complaint as if fully state herein.

31) Defendants admit that inmates are monitored and supervised according to jail standards and procedures. The remaining allegations in Paragraph 31 of the Amended Complaint are denied.

32) Defendants admit the Roesler pled guilty to assaulting Plaintiff but deny the remaining allegations in Paragraph 32 of the Amended Complaint.

33) Defendants state that the allegations in Paragraph 33 of the Amended Complaint are conclusory legal allegations and no response is required. But to the extent the allegations in Paragraph 33 could be construed as factual allegations, the same are denied.

34) Defendants admit that Roesler pled guilty to assaulting Plaintiff but deny the remaining allegations in Paragraph 34 of the Amended Complaint.

35) Defendants deny the allegations in Paragraph 35 of the Amended Complaint.

36) Defendants deny the allegations in Paragraph 36 of the Amended Complaint.

37) Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38) Defendants restate and re-allege their admissions, denials, and statements in Paragraph 1 through 38 of the Amended Complaint as if fully state herein.

39) Defendants deny the allegations in Paragraph 39 of the Amended Complaint.

40) Defendants deny the allegations in Paragraph 40 of the Amended Complaint.

41) Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

42) Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

43) Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

44) Defendants deny the allegations in Paragraph 44 of the Amended Complaint.

45)     Defendants restate and re-allege their admissions, denials, and statements in Paragraph 1 through 45 of the Amended Complaint as if fully state herein.

46)     Defendants deny the allegations in Paragraph 46 of the Amended Complaint.

47)     Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

48)     Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49)     Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50)     Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51)     Defendants deny the allegations in Paragraph 51 of the Amended Complaint.

52)     Defendants deny the allegations in Paragraph 52 of the Amended Complaint.

53)     Defendants deny the allegations in Paragraph 53 of the Amended Complaint.

54)     Defendants restate and re-allege their admissions, denials, and statements in Paragraph 1 through 54 of the Amended Complaint as if fully state herein.

55)     Defendants admit that Roesler pled guilty to assaulting Plaintiff. Defendants deny the remaining allegations in Paragraph 55 of the Amended Complaint.

56)     Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57)     Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58)     Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59)     Defendants restate and re-allege their admissions, denials, and statements in Paragraph 1 through 59 as if fully state herein.

60)     Defendants admit that Roesler pled guilty to assaulting Plaintiff.  Defendants deny the remaining allegations in Paragraph 60 of the Amended Complaint.

61)     Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

62)     Defendants deny the allegations in Paragraph 62 of the Amended Complaint.

5

63)    Defendants deny the allegations in Paragraph 63 of the Amended Complaint.

64)    Defendants deny the remaining allegations that were not expressly admitted except those allegations that are admissions against Plaintiff's interest.

65)    By way of further answer and affirmative defense Defendants state that Moore, and Doe (when identified and served), in their individual capacities, are entitled to qualified immunity from the 42 U.S.C. §1983 claim asserted against them.

66)    By way of further answer and affirmative defense Defendants state that Plaintiff has failed to state a claim upon which relief can be granted.

67)    By way of further answer and affirmative defense Defendants state that Plaintiff has failed to mitigate any damages she may have suffered in connection with her claims.

WHEREFORE, having fully answered, Defendants Saline County, Nebraska, and Alan Moore individually and officially, request that the Plaintiff's Amended Complaint be dismissed with prejudice, at Plaintiff's costs, and that they be awarded the costs of defense, including attorney's fees.

Dated this 20th day of May, 2022.

Respectfully submitted,

SALINE COUNTY, NEBRASKA, and
ALAN MOORE, in his individual and
official capacities, Defendants,

BY:    *s/Patrick R. Guinan*
       Patrick R. Guinan, #20076
       Governmental Law, LLC
       8040 Eiger Drive
       Suite B
       Lincoln, NE 68516
       (402) 742-9240 – main
       (402) 742-9329 - direct
       patrick@nrmainc.info

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which sent a copy of this pleading to all registered participants to this action via email, including Plaintiff's counsel John M. Walker, Joseph A. Kronawitter, and Taylor P. Foye.

BY:   *s/Patrick R. Guinan*
Patrick R. Guinan, #20076