IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANNA J. CHERNYY,

                          Plaintiff,

                vs.

JOHN DOE I, in his individual and official
capacity; ALAN MOORE, in his individual
and official capacity; and SALINE COUNTY,

                          Defendants.

8:21CV366


MEMORANDUM AND ORDER


This matter is before the Court on Defendant Saline County, Nebraska's Motion to Set Aside Default Judgment and Leave to File Responsive Pleading on Monty Roesler's ("Roesler") behalf "in his official capacity." Filing No. 39. On June 29, 2022, the Clerk of the Court ordered default against Roesler based on his failure to plead or otherwise defend this action. Filing No. 38. Plaintiff Anna J. Chernyy ("Chernyy") filed a response to the defendant's motion to set aside. Filing No. 40. Defendant filed a reply brief in support of the motion to set aside. Filing No. 41.

Chernyy filed the complaint on September 21, 2021. Filing No. 1. On October 27, 2021, Chernyy sought summons for Roesler, which the Clerk of Court issued. Filing No. 10. On May 20, 2022, Defendants Alan Moore ("Moore") and Saline County, Nebraska filed an answer to Chernyy's amended complaint. Filing No. 36. On June 28, 2022, Chernyy filed a motion for entry of default against Roesler in his personal and individual

1

capacity. Filing No. 37. On June 29, 2022, the clerk entered a default order as to Roesler in his individual and official capacity. Filing No. 38.

### Analysis

An entry of default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c). Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Rule 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default judgment. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. After all, the judicial preference is to adjudicate claims on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson*, 140 F.3d at 783; *see also C-B Kenworth, Inc. v. General Motors Corp.*, 129 F.R.D. 13, 14-15 (D. Me. 1990) (holding "assertion of default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer"). Essentially, the court must determine whether good cause exists to set aside default and allow the defendant to proceed on the merits. *See* Fed. R. Civ. P. 6(b), 55(c).

Here, the Court sets aside the default judgment against Roesler because good cause has been shown. Specifically, Saline County, Nebraska timely answered the

Complaint before the default judgment was entered. Filing No. 36; Filing No. 38. Chernyy's claim against Roesler "in his official capacity" is a legal fiction because an official capacity claim against Roesler is also a claim against Saline County. *McKay v. City of St. Louis*, 960 F.3d 1094, 1022 (8th Cir. 2020) (quoting *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)).   Roesler would be prejudiced because Saline County has already filed an answer.  Based on the facts before the Court, good cause exists to grant the motion to set aside the clerk's entry of default.

**IT IS ORDERED:**

1.  The defendant Saline County's Motion to Set Aside Default Judgment and Leave to File Responsive Pleading (Filing No. 39) is granted.

2.  The Clerk of Court shall modify the docket to show that the entry of default is hereby set aside.

3.  The magistrate judge shall progress this case in its normal due course.

4.  If based on this Memorandum and Order, either party wishes to amend its complaint or answer or file a further pleading, it may file a motion making such a request.

Dated this 7th day of February, 2023.


BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge