IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANNA J. CHERNYY,<br><br>Plaintiff,<br><br>vs.<br><br>MONTY ROESLER, in his official capacity; JOHN DOE I, in his individual and official capacity; ALAN MOORE, in his individual and official capacity; and SALINE COUNTY,<br><br>Defendants. | **8:21CV366**<br><br>**MEMORANDUM AND ORDER** |

The Court held a telephonic discovery conference on May 3, 2024. Counsel for Plaintiff and Defendants were present, and argument was held. Prior to the discovery conference, both counsel for Plaintiff and counsel for Defendants Alan Moore, Saline County, and Monty Roesler, in his official capacity, ("Defendants") submitted short written submissions regarding the disputes at issue. The Court attaches these written submissions, as well as the relevant documents for this Order. *See* Exhibits A-D.

The two issues that were ripe for disposition before the Court on May 3, 2024 were: (1) an on-site inspection of the Saline County jail, and (2) the scheduling of the Plaintiff's expert deposition. Upon further review of the parties' submissions, as well as the argument on the record, it became clear to the Court that the crux of the issue was the deadlines set forth in this Courts' most recent

1

progression order. For the reasons stated on the record and set forth below, the Court denied Plaintiff's request to inspect the Saline County jail and granted Defendants request to depose Plaintiff's expert on May 9, 2024.

PROCEDURAL HISTORY

On October 19, 2021, Plaintiff filed an amended complaint setting forth claims which alleged: (1) violation of her Eighth Amendment rights; (2) and (3) violation of her rights under 42 U.S.C. 1983; (4) battery; and (5) intentional infliction of emotional distress. Filing No. 9. Throughout the pendency of this matter, the Court has amended the Progression Order in this matter three times. Filing No. 71, 74, and 84.

On December 5, 2023, when amending the final progression order, the Court explicitly stated that deadline extensions "will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances unanticipated prior to the filing of the motion, which require that additional time be allowed." Filing No. 71. The most recent extensions to the Progression Order deadline occurred on March 11, 2024. The aforementioned language was also present in that order. Filing No. 84.

Prior to granting the parties' motion to amend the scheduling order on March 11, 2024, the undersigned had a conference with the parties to understand the presence of good cause to support the extension request, particularly due to the length of time the matter had been pending, as well as the prior extensions. Filing No. 85. During this conference, Plaintiff advised the Court that Plaintiff was recently released from jail and that, while Plaintiff was incarcerated, it was difficult to communicate with her. More specifically, Plaintiff's counsel advised her release had facilitated the discovery process. Plaintiff's counsel set forth examples of this newly facilitated communication to include allowing Plaintiff's counsel to communicate with their client regarding interrogatory responses and potential

2

witnesses in this matter. Ultimately, the Court extended the deadlines set forth in the progression order due to the recent release of Plaintiff from incarceration as the change in circumstances was unanticipated and showed good cause.

When extending the deadlines on March 11, 2024, the Court adopted every deadline proposed by Plaintiff. The following deadlines are relevant to the current dispute:

> The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is May 1, 2024. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by May 15, 2024.
>
> . . .
>
> The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:
>
>> For the plaintiff(s): March 14, 2024.
>>
>> For the defendant(s): May 15, 2024.
>
> The deadlines for complete expert disclosures for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:
>
>> For the plaintiff(s): April 15, 2024.
>>
>> For the defendant(s): June 14, 2024.

Filing No. 84. It is worthwhile to note that, though this Court provides for the option of including rebuttal expert deadlines in proposed progression orders, Plaintiff did not propose rebuttal expert deadlines in any progression order presented to this Court nor did she express the need for such on the March 11, 2024 call. *See* Rule 26(f) Report Form p. 7, footnote 6.

On May 2, 2024, the parties advised the Court that they were currently engaged in a time-sensitive discovery dispute, namely the deposition of Plaintiff's

3

expert, Jan Perdue.[1] According to the parties' submissions, Plaintiff indicated Ms. Perdue could be deposed on May 9, 2024. *See* Exhibit B; Filing No. 92-2. However, after this representation, Plaintiff sent a Rule 34[2] request for a site inspection of the Saline County jail with Ms. Perdue that would not occur until June 5, 2024. *See* Exhibit C. The parties advised the Court that, should Ms. Perdue not be deposed prior to May 10, 2024, Ms. Perdue would not be available for a deposition until early June 2024 and less than two weeks before Defendant's current expert disclosure deadline.

The Court held a discovery dispute hearing on May 3, 2024, during which the Court issued oral findings. This written order supplements and memorializes such findings.

ANALYSIS

1. Jail Inspection

While Plaintiff made no formal motion to modify the case progression order, the course of action she proposes requires just that. Specifically, Plaintiff seeks to inspect the Saline County jail on June 5, 2024 with her retained expert.[3] Based on this inspection, Plaintiff infers her expert may "supplement" her report. Filing No. 95, audio file at 7:35-10:20. In practice, Plaintiff seeks to extend the deadline to

---

[1] On April 29, 2024, Plaintiff contacted the Court requesting a discovery conference. See Exhibit A. Thereafter, on May 2, 2024, Defendants filed an Objection to Plaintiff's request for inspection. Filing No. 92. Submissions by the parties illustrate that the issues to be addressed in the conference requested by Plaintiff are the same as those addressed in Defendants' objection. Based on the time sensitive nature of the dispute, the Court elected to rule on the issues without further motion practice. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

[2] Plaintiff's certificate of service instead cites to Rule 26(a)(2) of the Federal Rules of Civil Procedure. Filing No. 90.

[3] The undersigned recognizes that Plaintiff proposed dates earlier than June 3, 2024 for the proposed inspection in email communication. However, at no time did Plaintiff propose a date on or before May 1, 2024.

4

complete discovery pursuant to Rule 34 and/or the deadline to disclose expert opinions under Rule 26.

The Court may only modify a Rule 16 scheduling order "for good cause." Fed. R. Civ. Proc. 16(b)(4). To determine whether good cause exists, the Court considers "the movant's diligence in attempting to meet the order's requirements." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023), reh'g denied, No. 22-2592, 2023 WL 6313679 (8th Cir. Sept. 28, 2023) (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). "A district court may also consider the existence or degree of prejudice to the party opposing the modification." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). However, the movant's diligence remains the "primary" consideration. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

Generally, the Court will not consider "prejudice to the nonmovant resulting from modification of the scheduling order" if it determines that the movant was not "diligent in meeting the scheduling order's deadlines." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008); see also *Rosillo v. Holten*, No. 13-CV-1940, 2014 WL 7357308, at *5 n.2 (D. Minn. Dec. 23, 2014) ("[I]n a Rule 16(b) good cause analysis, a lack of prejudice to [the nonmovant] does not undo the consequences of [the movant's] lack of diligence.").

As stated on the record, this matter has been pending before this Court since 2021. The claims set forth in the amended complaint (and initial complaint) set forth a scenario in which the condition of the jail was at issue and a potential jail inspection could have been contemplated by either or both of the parties from the inception of the case.[4]

---

[4] Of note, Plaintiff requested and Defendant Alan Moore produced a floor plan of the Saline County jail in May 2023. *See* Exhibit D.

During the discovery dispute conference, the Court questioned Plaintiff's counsel as to why he wanted to inspect the jail and counsel provided that he wanted to put his eyes on it and wanted his expert to put his eyes on it. Filing No. 95, audio file at 3:35. When asked by the Court why the inspection was just now being requested Plaintiff's counsel stated "now we have an expert and I want my expert to go see it." Filing No. 95, audio file at 3:15. Neither of these explanations show adequate good cause or diligence in attempting to meet the Court's progression order deadlines, especially when the deadlines adopted by the Court were proposed by Plaintiff. To be clear, Plaintiff has not represented to the Court, in any form or fashion that any new facts learned, either due to Plaintiff's release from custody or otherwise, are what is spurring the jail inspection request (nor can the Court contemplate a scenario in which such explanation would have much credence given the allegations in the original complaint in this matter). Moreover, it is noteworthy that Plaintiff's expert identification deadline was March 14, 2024. It seems reasonable to assume that, as of at least March 14, 2024, Plaintiff had retained Ms. Perdue and, thus, at this time, had the ability to request an inspection of the jail at which Ms. Perdue could be present. However, Plaintiff waited until after her expert identification deadline and expert disclosure deadline had passed to request such inspection.

The Court finds no good cause to extend Plaintiff's expert disclosure deadlines or the Rule 34 discovery deadline. Given the lack of diligence on Plaintiff's behalf, an analysis of Defendant's potential prejudice is irrelevant. Nonetheless, the Court does recognize any request to extend the expert disclosure and Rule 34 discovery deadlines would result in prejudice to Defendant, namely inadequate time to produce their own expert. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008); *see also Rosillo v. Holten*, No. 13-CV-1940, 2014 WL 7357308, at *5 n.2 (D. Minn. Dec. 23, 2014).

6

During the discovery dispute conference Plaintiff's counsel primarily argued that Rule 34 inspections are not contemplated by the Court's progression order because such discovery is not "written" and thus, his request is timely. Filing No. 95, audio file at 5:00. The Court finds this argument unpersuasive. A Rule 34 "request for production reasonably includes a request to produce land for entry and inspection consistent with a plain reading of Rule 34 as a whole." *Pinto-Rios v. Brown*, No. 120CV03698RMRSKC, 2023 WL 129692, at *2 (D. Colo. Jan. 9, 2023)

Moreover, Plaintiff's notice of inspection cites Rule 34(a)(2) which, again, suggests she understands that Rule 34 governs the inspection at issue. *See* Exhibit C. Finally, consistent with Rule 34, the Rule 26(f) report references whether the parties anticipate having any disputes regarding the number of "requests for production" as opposed to a narrower "requests for production of documents." Filing No. 54. This is also consistent with the title of the rule which includes "entering onto land, for inspection or other purposes." Fed. R. Civ. P. 34.

A Rule 34 "request for production" reasonably includes a request to produce land for entry and inspection consistent with a plain reading of Rule 34 as a whole. Plaintiff's deadline to complete Rule 34 discovery was May 1, 2024.[5] The inspection was not completed by that date, Plaintiff had not requested an extension of that deadline by such date, and further, has not made the requisite showing of good cause to extend such deadline. As such, the Court declines to extend Plaintiff's Rule 34 discovery deadline and denies Plaintiff's request to inspect the jail, especially when it appears Plaintiff's primary motivation for performing such inspection is to allow her expert to set forth additional opinions.

---

[5] The progression order specifically states that discovery must be completed by this deadline. Filing No. 84.

Finally, Plaintiff contends any opinion Ms. Perdue would adduce after the site inspection would simply be a supplement to her prior report in accordance with Fed. R. Civ. P. 26(a)(2)(E). First, as stated on the record, this Court declines to make any findings regarding the timeliness or admissibility of expert reports already disclosed or those to be disclosed. Rather, the parties are bound by Rule 26 with regard to their disclosures. Both parties should supplement their disclosures accordingly. Nonetheless, the Court understands Defendant's reluctance to depose Ms. Perdue prior to an inspection based on Plaintiff's comments about "supplementing" her opinion. To that end, the Court notes that the portions of Rule 26 relied on by Plaintiff during the discovery dispute conference merely provide a duty for a party to supplement "information included in the report" and "information given during the expert's deposition." These portions of Rule 26 do not provide the opportunity for a party to disclose new opinions in expert's written reports as contemplated by Rule 26(a)(2)(B). *McClurg v. Mallinckrodt, Inc.,* No. 4:12-CV-00361-AGF, 2017 WL 3116138, at *3 (E.D. Mo. July 21, 2017) ("a supplementation under Rule 26(e) should not be used as an opportunity to disclose 'new opinions.'").

2. Deposition of Plaintiff's Expert

Defendant requested the Court order Plaintiff produce her expert, Jan Perdue, for a deposition on May 9, 2024. As set forth herein, the parties advised Ms. Perdue would not be available for a deposition, after May 10, 2024, until June 3, 2024. This would only give Defendants 11 days after the deposition to provide their complete expert disclosures. Given the fact that all counsel, and Ms. Perdue, are available on May 9, 2024, the Court finds it reasonable for this to occur.

IT IS ORDERED.

Dated this 6th day of May, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

Exhibit A

| | |
|---|---|
| **From:** | Gregory Vincent Alcaro, Esq. |
| **To:** | Eber, Amy |
| **Cc:** | Tess Moyer; deluca@ned.uscourts.gov; Guinan, Patrick; Connor Orr; Tiff Ruban |
| **Subject:** | Re: Chernyy v. Roesler et al 21cv366 |
| **Date:** | Thursday, May 2, 2024 3:47:07 PM |

**CAUTION - EXTERNAL:**

Judge DeLuca:

Hope you are well. Per the instructions of your judicial assistant (as this must be done prior to a conference being set and any motion being filed), we are sending you a **short summary of our discovery disputes in this matter:**

1. The defendants have objected to a multitude of relevant production requests by the plaintiff that will not only adequately assist the plaintiff in preparing for trial, but will assist her expert witness as well. The defendants find these requests to be irrelevant, vague and burdensome, but the plaintiff disagrees. However, the plaintiff will not be pursuing to overrule the objections to financial discovery directed at Alan Moore, individually, at this time.

2. The defendants have objected to allowing the plaintiff's expert witness to inspect the Saline County Jail. The parties conferred and the plaintiff attempted to compromise by suggesting earlier dates than in the request itself. This was rejected by the defendants. Their objection is not based upon relevance, but on a difference of opinion between counsel regarding the timing of this request in accordance with the amended final progression order.

As such, the plaintiff would be asking the Court to overrule the defendants' objections to the discovery requests and for inspection of the Saline County Jail, and ordering compliance with the same.

We would also request that a conference be set as soon as possible, so we may file any necessary motions in accordance with the amended final progression order. Discovery motions are due by May 15, but a conference must happen beforehand.

Thank you.

Very truly yours,
Gregory Vincent Alcaro, Esq.
Gregory Vincent Alcaro, P.A.
8101 Biscayne Blvd, PH-701
Miami, Florida 33138
Telephone: (305) 912-1232
Facsimile: (305) 373-3832
www.wefightforyoufl.com
*Admitted in Florida and Massachusetts

Confidentiality Notice:  This e-mail and/or any attachment to it contains, or may contain, privileged and confidential information intended only for the use of the individual(s) named in the email.  If you are not

the intended recipient, or the person responsible for delivering it to the intended recipient, please permanently delete it from your computer system and promptly notify me.

On Thu, May 2, 2024 at 4:44 PM Eber, Amy <amy@nirma.info> wrote:

> Judge DeLuca,
>
> Attached please find the summary prepared by Patrick Guinan for your review.
>
> Thank you,
>
> ***Amy Eber***
>
> Legal Assistant to Jeff Kirkpatrick, Pat Guinan, & Brandy Johnson
>
> Governmental Law, LLC
>
> 8040 Eiger Drive
>
> Suite B
>
> Lincoln, NE 68516
>
> 402-742-9240 (phone)
>
> 402-742-9250 (fax)
>
> amy@nrmainc.info
>
> *This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of its intended recipient and may contain information that is privileged or confidential or otherwise legally exempt from disclosure.  If you are not the intended recipient or an employee or agent responsible for delivering this message to the intended recipient, you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message.  If you are not sure as to whether you are the intended recipient, please respond to the above-email address.*
>
> **From:** Tess Moyer <Tess_Moyer@ned.uscourts.gov>
> **Sent:** Monday, April 29, 2024 3:49 PM

**To:** Gregory Vincent Alcaro, Esq. <gregory.alcaro@gmail.com>; deluca@ned.uscourts.gov
**Cc:** Guinan, Patrick <patrick@nrmainc.info>; Connor Orr <connor@orrlawgrp.com>; Tiff Ruban <tiff@orrlawgrp.com>; Eber, Amy <amy@nirma.info>
**Subject:** RE: Chernyy v. Roesler et al 21cv366

Counsel,

Judge DeLuca has modified her procedures for discovery disputes. Judge DeLuca now asks the parties to email short summaries (no more than three paragraphs) describing the dispute to chambers before we set a hearing.

Please email your summaries to deluca@ned.uscourts.gov by 5:00 PM on May 2, 2024. Once we receive those summaries, we'll contact the parties to schedule a date/time for the hearing.

Thank you,

Tess

Tess M. Moyer

Law Clerk to Magistrate Judge Jacqueline M. DeLuca

U.S. District Court for the District of Nebraska

tess_moyer@ned.uscourts.gov

Chambers Telephone: (402) 437-1670

**From:** Gregory Vincent Alcaro, Esq. <gregory.alcaro@gmail.com>
**Sent:** Monday, April 29, 2024 3:38 PM
**To:** deluca@ned.uscourts.gov
**Cc:** Guinan, Patrick <patrick@nrmainc.info>; Connor Orr <connor@orrlawgrp.com>; Tiff Ruban <tiff@orrlawgrp.com>; Eber, Amy <amy@nirma.info>

**Subject:** deluca@ned.uscourts.gov

**CAUTION - EXTERNAL:**

Judge DeLuca:

Hope you are well. In accordance with the final progression order, we need to set this matter for a case conference before filing any motion to compel prior to the May 15 deadline. Having said that, can we please set this for a case conference, via telephone, anytime after 1:00 p.m. CST on May 7?

Please advise.

Thank you.

Very truly yours,

Gregory Vincent Alcaro, Esq.

Gregory Vincent Alcaro, P.A.

8101 Biscayne Blvd, PH-701

Miami, Florida 33138

Telephone: (305) 912-1232

Facsimile: (305) 373-3832

www.wefightforyoufl.com

*Admitted in Florida and Massachusetts

Confidentiality Notice: This e-mail and/or any attachment to it contains, or may contain, privileged and confidential information intended only for the use of the individual(s) named in the email. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, please permanently delete it from your computer system and promptly notify me.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution

when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# GOVERNMENTAL LAW, LLC

Brandy R. Johnson
Jeffery R. Kirkpatrick
Patrick R. Guinan

8040 Eiger Drive
Suite B
Lincoln, NE 68516

Telephone: 402.742.9240
Fax No: 402.742.9250

brandy@nrmainc.info
jeff@nrmainc.info
patrick@nrmainc.info

May 2, 2024

Jacqueline M. DeLuca
U.S. District Court for the District of Nebraska
deluca@ned.uscourts.gov

RE: *Chernyy v. Roesler, et al.*
Case No. 8:21-cv-366

Dear Judge DeLuca,

On March 11, 2024, the Court entered a Final Progression Order adopting the new dates that **Plaintiff** requested. (Filing No. 84) Under the Final Progression Order, Plaintiff was required to provide her "complete expert disclosure" on April 15, 2024. According to Rule 26(a)(2)(B), the "complete disclosure" required Plaintiff to provide a "complete statement of all opinions," a complete disclosure of the "basis and reasons" for the opinions, and a complete disclosure of the "facts or data considered by the witness." Plaintiff produced her expert's report on April 15, 2024. (Filing No. 89) On April 22, 2024, the undersigned asked to depose Plaintiff's expert and provided four dates for the deposition. Plaintiff's counsel advised the expert was available to be deposed on May 9, 2024, meaning Defendants would have had another 36 days to get the deposition transcript to their expert to finalize their complete disclosure. Yet, after agreeing to the May 9, 2024, deposition, Plaintiff's counsel filed a "Request to Inspect" the Jail on April 26, 2024, and set the inspection date for June 5, 2024. (Filing No. 90) At no time before April 26, 2024, did Plaintiff's counsel ask to inspect the jail.

Subsequently, the undersigned called Plaintiff's counsel who advised they intended to serve a supplemental expert report with additional findings and the basis for those findings after the inspection. In other words, Plaintiff's April 15, 2024, expert's report was not a "complete statement of all opinions," not a complete disclosure of the "basis and reasons" for the opinions, and was not a complete disclosure of the "facts or data considered by the witness." Also, after the undersigned objected to the inspection and untimely expert disclosure, Plaintiff's counsel suggested several "solutions," but the "solution" prejudices Defendants and the undersigned because it does not give sufficient time to depose Plaintiff's expert and complete Defendants' expert's disclosure. Indeed, the latest "solution" Plaintiff's counsel has proposed would not have her expert's "complete disclosure" to the undersigned until May 24, 2024, or make the expert available for deposition until June 3, 2024. So, instead of 36 days to depose Plaintiff's expert and

1

prepare Defendants' expert's complete disclosure, Defendants would only have 11 days to complete their expert's disclosure. But even this overstates the time constraints Plaintiff's "solution" would impose on the undersigned and Defendants' expert because the undersigned is leaving town on June 12, 2024, meaning the undersigned and Defendants' expert would only have eight days to get their expert's disclosure completed (versus 36 days had Plaintiff's counsel complied with the Final Progression Order and Rule 26's disclosure requirements).

In conjunction with this letter, the undersigned filed a Resistance to Plaintiff's Request for Inspection, asking that it be quashed, and requesting an order prohibiting Plaintiff's expert from supplementing her opinion. In addition to quashing the inspection and prohibiting supplemental opinions, the undersigned also requests the Court enter an order requiring Plaintiff to make her expert available for deposition on May 10, 2024. (The undersigned asks for May 10, 2024, instead of May 9, 2024, because the uncertainty Plaintiff's Request to Inspect has caused prevents the undersigned from preparing in time for a deposition on May 9, 2024). Without an order requiring Plaintiff's expert to appear for the May 10, 2024, deposition, Defendants will not have sufficient time to complete their expert's disclosure. The reason is Plaintiff's counsel have advised their expert has numerous conflicts preventing her deposition after May 10, 2024. So, without an order requiring Plaintiff to make their expert available for deposition on May 10, 2024, and prohibiting the expert from supplementing her opinions, Defendants will be forced into the same "solution" that prejudices Defendants from being able to make a complete expert disclosure by June 14, 2024. Finally, the undersigned is not available for a hearing on May 8, 2024, and requests the hearing be held May 6, at any time, or May 7, in the afternoon. Thank you.

Sincerely,

Patrick R. Guinan

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

Case No.: 8:21-cv-00366-JFB

ANNA J. CHERNYY,

    Plaintiff,
v.

SALINE COUNTY, NEBRASKA, et al.,

    Defendants.
_____/

## PLAINTIFF'S REQUEST FOR ENTRY UPON LAND FOR INSPECTION

Plaintiff, Anna J. Chernyy ("Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure, hereby requests upon Defendant, Saline County, Nebraska ("Defendant"), to enter the Saline County Jail ("Property"), to inspect the Property, and states in support thereof:

1. The Defendant owns the Property located at 911 South Main Street, Wilber, Nebraska 68465.

2. The Plaintiff, via her expert witness, Jan Perdue, and Attorney, Gennaro Cariglio, Jr., need access to the following on the Property:

    a. A – Pod;

    b. B – Pod;

    c. All pods that females have ever been housed in;

    d. All pods that have cameras;

    e. A male unit that mirrors, or closely mirrors, Female A - Pod;

    f. The Control Center or Tower for Pod A;

    g. The Control Center or Tower for Pod B; and

      h.  The Control Center or Tower for the Male Dormitory Pod.

3. It is requested that the inspection take place on June 5, 2024, between 10:00 a.m., and 12:00 p.m. CST.

4. Rule 34(a)(2) of the Federal Rules of Civil Procedure provides for "entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."

    Respectfully submitted,

    Gennaro Cariglio Jr., P.L.
    8101 Biscayne Boulevard, PH-701
    Miami, Florida 33138
    Telephone: (305) 899-0438
    Facsimile:   (305) 373-3832

    */s/ Gennaro Cariglio Jr.*
    GENNARO CARIGLIO JR.
    Florida Bar No.: 51985
    sobeachlaw@aol.com

    Gregory Vincent Alcaro, P.A.
    8101 Biscayne Boulevard, PH-701
    Miami, Florida 33138
    Telephone: (413) 281-9288
    Facsimile:   (305) 373-3832

    */s/ Gregory Vincent Alcaro*
    GREGORY VINCENT ALCARO
    Florida Bar No.: 1007756
    gregory.alcaro@gmail.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Electronic Mail this 26th day of April 2024, to all counsel of record.

    */s/ Gregory Vincent Alcaro*

3

GREGORY VINCENT ALCARO