\IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANNA J. CHERNYY, | |
| Plaintiff, | 8:21CV366 |
| vs. | |
| MONTY ROESLER, in his official capacity; JOHN DOE I, in his individual and official capacity; ALAN MOORE, in his individual and official capacity; and SALINE COUNTY, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the objection by the plaintiff, Filing No. 99 to the Magistrate's Judge's memorandum and order, Filing No. 98. The defendants also filed an objection to the plaintiff's objection/resistance, Filing No. 100. The plaintiff filed this action alleging claims under the Eighth Amendment, 42 U.S.C. § 1983, for battery, and for intentional infliction of emotional distress. Filing No. 9. This case involves allegations of deliberate indifference by the defendants to alleged sexual assaulted committed by defendant Monty Roesler against the plaintiff. The plaintiff contends the defendants took no steps to ensure her safety. The issue currently before the Court involves a request to inspect the jail in this case.

Initially, the Magistrate Judge amended the progression order three times. Filing No. 71, Filing No. 74, and Filing No. 84. Although the Magistrate Judge told the parties no more extensions would be granted, the Magistrate Judge permitted a further extension based on the fact that Plaintiff had been released from jail. This release allegedly facilitated the discovery process, and that was the reason for the extension.

1

Magistrate Judge DeLuca held a telephonic conference with the parties on May 3, 2024. Filing No. 96. Plaintiff indicated that the expert, Ms. Janet Perdue, needed to inspect the jail. There were two issues at this time that were ready for disposition, as stated in the Magistrate Judge's order: "(1) an on-site inspection of the Saline County jail, and (2) the scheduling of the Plaintiff's expert deposition. Upon further review of the parties' submissions, as well as the argument on the record, it became clear to the Court that the crux of the issue was the deadlines set forth in this Courts' most recent progression order. For the reasons stated on the record and set forth below, the Court denied Plaintiff's request to inspect the Saline County jail and granted Defendants request to depose Plaintiff's expert on May 9, 2024." Magistrate Judge's Memorandum and Order, Filing No. 98, at 1–2.

The Magistrate Judge noted that this case has been pending since 2021. When asked why Plaintiff had not done the inspection at the outset of the case, the plaintiff indicated that she wanted her expert to put her eyes on it. Filing No. 96, audio file at 3:35. The Magistrate Judge found the reasoning to be without merit, as plaintiff waited until after her expert identification deadline and expert disclosure deadline had passed before requesting the inspection. In addition, the Magistrate Judge determined that if she granted this motion, it would cause the defendants to have inadequate time to produce their own expert. The Magistrate Judge decided to deny the plaintiff's motion. However, the Magistrate Judge did permit the taking of Plaintiff's expert deposition on May 9, 2024.

Objections to the Magistrate Judge's order were filed by Plaintiff, Filing No. 99, and the defendants filed an objection to the plaintiff's objection, Filing No. 100. Plaintiff argues that there is a written discovery deadline of May 1, 2024; a deposition deadline of July 1,

2

2024; and the Amended Final Progression Order, Filing No. 84, is silent as to a request for inspection deadline and an overall discovery completion deadline.

Defendants contend that the Court's Final Progression Order required complete expert disclosure by April 15, 2024. Failure to do so would mean that Defendants would be unable to timely depose Plaintiff's expert and to timely disclose Defendants' experts' complete opinions. Second, Plaintiff had substantial time to ask that her expert be permitted to inspect the jail.

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873–74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law."). The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007).

A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r*, 79 F.3d 726, 728 (8th Cir. 1996); *see Ferguson*, 484 F.3d at 1076. A decision is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross*

*& Blue Shield of Minnesota*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

The Court has carefully reviewed the decision of the Magistrate Judge as well as the arguments of the parties. The Court finds no clear error or abuse of discretion in the Magistrate Judge's determinations. Based on the record and briefing the Court presumes a facility inspection is not a significant factor in the opinion of the experts for the parties. However, if the defendants have allowed their expert(s) inspection of the jail facility and deem it a factor in their opinions, upon motion of the plaintiff, the Court will reconsider the plaintiff's request for inspection. The Court finds that the decision of the Magistrate Judge is, therefore, affirmed.

**IT IS ORDERED** that Plaintiff's Objection to Magistrate Judge's Order, Filing No. 99, is overruled. Defendants' resistance/objection, Filing No. 100, is granted.

Dated this 3rd day of July, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge