IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANNA J. CHERNYY,<br><br>Plaintiff,<br><br>vs.<br><br>MONTY ROESLER, in his official capacity; JOHN DOE I, in his individual and official capacity; ALAN MOORE, in his individual and official capacity; and SALINE COUNTY,<br><br>Defendants. | 8:21CV366<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiff's Motion to Compel and Overrule General Objection. Filing No. 106. The motion concerns the general objection Defendant Alan Moore made, in his individual capacity, to Plaintiff's Second Requests for Production of Documents. Plaintiff argues the objection is improper and that Moore's responses to these requests, in his individual capacity, are necessary for his punitive damages claim. Though Moore's original response to the requests at issue contain many objections, the only issue briefed by the parties is whether the requests are relevant and/or premature.

BACKGROUND

On March 1, 2024, Plaintiff served Defendant with a Second Request for Production of Documents seeking documentation related to Moore's financial condition. Moore served his responses and objections on April 1, 2024. Filing No. 115-1. The parties conferred to resolve this discovery dispute and thereafter had a conference before the undersigned on May 15, 2024. Filing Nos. 103 and 104. At that conference, the Court set a deadline for Plaintiff to file any motions regarding the dispute at issue. The pending motion was filed.

1

Moore's general objection to Plaintiff's requests states:

> Pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Thus, the requests to Alan Moore to discover his assets are premature, beyond the scope of permissible discovery, irrelevant, overly broad, unduly burdensome, and are intended to harass and embarrass Alan Moore. Also, given Plaintiff's admission in her deposition that Alan Moore did not assault her or that she ever reported her assault to Alan Moore means he will not have a judgment entered against him personally, so pre-judgment asset discovery is objectionable for the same reasons. Finally, Defendants have disclosed the insurance policy that covers Alan Moore individually and officially further supporting the objection that Plaintiff's discovery requests are premature, beyond the scope of permissible discovery, irrelevant, overly broad, unduly burdensome, and are intended to harass and embarrass Alan Moore.

Filing No. 115-1 at 7. Moore further contends his defense of qualified immunity should be resolved prior to requiring him to respond to any broad ranging financial discovery. Filing No. 107.

In contrast, Plaintiff contends that her discovery requests are essential to her claims as she seeks punitive damages against Moore. Filing No. 106. She further argues it is well established that evidence of a defendant's financial worth is relevant to punitive damages and thus, discovery of financial records is permissible. *Id*.

This case was filed in September 2021. Filing No. 1. After extensive motion practice, the parties filed a joint Rule 26(f) report on April 24, 2023. Filing No. 56. Thereafter, the Court entered its first Final Progression Order. Filing No. 59. The

parties have engaged in discovery since that time. The trial is currently set for February 3, 2025. Filing No. 124.

## DISCUSSION

Federal Rule of Civil Procedure 26(b) provides that a party may discover non-privileged material relevant to a claim or defense that is proportional to the needs of the case. Proportionality considers the importance of the issues at stake, the amount in controversy, relative access to information, and the burden of producing the discovery. *Id*. Rule 37(a)(4) further provides that a party may file a motion to compel if discovery responses are evasive or incomplete. Discovery matters are committed to the discretion of the district court and reviewed for a "gross abuse of discretion." *Robinson v. Potter*, 453 F.3d 990, 994-5 (8th Cir. 2006).

On a motion to compel, the moving party must first make a threshold showing that the requested information is relevant to the claims or defenses alleged. *ACI Worldwide Corp. v. Mastercard Techs., LLC*, 2015 WL 4249760, at *1 (D. Neb. July 13, 2015). If they do so, the burden shifts to the party resisting discovery to prove their objections are valid "by providing specific explanations or factual support as to how each discovery request is improper." *Whittington v. Legent Clearing, LLC*, 2011 WL 6122566, * 3 (D. Neb. Dec. 8, 2011).

As is relevant here, punitive damages may be recovered under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Punitive damages may be "awarded or rejected in a particular case at the discretion of the fact finder once sufficiently serious misconduct by the defendant is shown." *Coleman v. Rahija*, 114

3

F.3d 778, 787 (8th Cir. 1997) (citing *Smith,* 461 U.S. at 52) (other citation omitted). A defendant's financial status is an appropriate factor to consider an award of punitive damages. *See Schaub v. VonWald,* 638 F.3d 905, 926 (8th Cir. 2011).

Moore now contends that, because he has asserted qualified immunity in his answer, he should not be subjected to broad ranging discovery, including discovery relating to his financial status. Specifically, Moore relies on the Eighth Circuit's decision in *Johnson v. Moody,* 903 F.3d 766, 772 (8th Cir. 2018) in arguing that plaintiff must put forward specific evidence to establish improper motive before discovering Moore's financial information. Filing No. 107 at 3. But Moore's reliance on *Moody* is misplaced. The procedural posture of *Moody* is distinguishable from that of the present case. In *Moody*, Defendants promptly filed a motion for summary judgment on the basis of qualified immunity less than a month after the Court's issuance of a scheduling order and 10 months prior to the expiration of discovery deadlines. *Moody,* 903 F.3d 770. The District Court denied Plaintiff's request to defer a ruling on summary judgment to permit discovery and the Eighth Circuit affirmed. *Moody,* 903 F.3d 770. The present procedural posture is simply not interchangeable.

Based on the above, the Court finds that discovery relating to Moore's financial condition is relevant to Plaintiff's claims. While Moore argues that Plaintiff's claims against him will be unsuccessful for various reasons, that is not the question currently before the Court. Rather, it is well established that under federal law, the evidence of a defendant's financial worth is relevant to a claim for punitive damages, and "a plaintiff seeking punitive damages is entitled to engage in such discovery." *See Est. of Price by & through Price v. Turn Key Health Clinics, LLC,* No. 2:23-CV-2008, 2024 WL 1482610, at *4 (W.D. Ark. Apr. 5, 2024). Moreover, Moore did not seek to bifurcate discovery or trial, and in fact, the parties agreed that while an immunity defense was raised by a defendant, discovery and

4

case progression could begin before the immunity issues were resolved. Filing No. 56 at 2. Plaintiff's requests were filed within the time prescribed by the Final Progression Order. Any deferral in the exchange of discoverable information will only further delay the progression of an already mature case which is on the brink of trial. Without expressing any opinion as to the underlying merits of the punitive damages claims, the Court will compel Moore to respond to financial discovery and not stay the issue pending a ruling on Moore's planned motion for summary judgment.[1]

While Moore's financial status may be relevant, Plaintiff's requests, as written, appear to be overly broad and not proportional to the needs of this case. Plaintiff seeks over 16 categories of financial records dating back to 2020. But only the current financial health of a defendant is relevant to the assessment of punitive damages. *Vega v. Valley Venture II*, 2011 WL 6078158, at *1 (D. Neb. Dec. 7, 2011) ("Past earnings and worth cannot reasonably lead to relevant information on the issue of punitive damages.") (internal citation omitted)); *see also Basra v. Ecklund Logistics, Inc.*, 2016 WL 7413474, at *4 (D. Neb. Dec. 22, 2016) (same). Moreover, many of the categories of documents Plaintiff requests go beyond a complete understanding of Moore's financial status and may not be applicable to Moore at all. Nonetheless, the parties present no argument as to these issues and there is no indication that the parties have meaningfully conferred as to the substance of the underlying requests. As such, the Court declines to delve into the detailed requests uninstructed.

Accordingly,

---

[1] At the time of this order, Moore has not yet filed for summary judgment.

IT IS ORDERED:

1. Plaintiff's motion to compel, Filing No. 106, is granted in part and denied in part. Defendant Alan Moore will be compelled to participate in discovery relating to his financial condition notwithstanding his potential motion for summary judgment.

2. Counsel for the parties are ordered to meet and confer in good faith regarding Plaintiff's second set of request for production. *See* NECivR. 7.1(j). On or before October 11, 2024, Counsel may again request a telephone conference if the parties are at an impasse following the meet and confer process.

Dated this 20th day of September, 2024.

        BY THE COURT:

        *s/ Jacqueline M. DeLuca*
        United States Magistrate Judge